# Daniels et al. v. Commonwealth.

(Decided Nov. 9, 1934.)

THOS. R. McBRAYER for appellants.

BAILEY P. WOOTTON, Attorney General, and ·H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

. The appellants were convicted of the offense of rape and each given twenty years in the penitentiary. They have appealed.

As grounds for reversal, it is insisted that the verdict is flagrantly against the evidence, and that the court failed to give the whole law of the case in its instructions to the jury. This is the ordinary case of the testimony of the prosecutrix opposed to that of her alleged violator or violators. If she is to be believed, she was forcibly violated. If they are to be believed, the whole transaction was one of invitation and consent. While there are some circumstances that tend to support the appellant's contention, such as the failure of the prosecuting witness and her father promptly to make public this claimed offense, or to take steps to prosecute the appellants, and some evidence which the prosecuting witness denies that she, previous to the day of her alleged violation, had sent an invitation to these appellants to come to her house, yet after all it was for the jury to say whether they believed the story of the prosecuting witness or that of the appellants.

So far as the alleged failure of the court to give the whole law of the case is concerned, appellants contend that they were entitled to an instruction under section 1155 of the Statutes (as amended by Acts 1930, c. 18), which has application to the carnal knowledge of a female under eighteen years of age. The trouble about this contention is that the appellants themselves proved by the introduction of a duly authenticated certificate from the bureau of vital statistics that this girl was twenty

years of age at the time of her alleged violation, and the commonwealth agreed that this certificate from the bureau of vital statistics did so disclose her age. There is no evidence in this record to contradict this certificate, for although some witnesses did undertake to testify as to the age of the prosecutrix, they floundered around and finally had to admit they did not know how old she was; so that the only reliable testimony we have in this record as to the age of the girl is that disclosed by the record of the bureau of vital statistics. As this disclosed the girl to be twenty years of age, there was no room for an instruction under section 1155 of the Statutes.

Judgment affirmed.